```
 1
 2
 3
 4
 5
 6
 7
 8                  IN THE UNITED STATES DISTRICT COURT
 9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10   GERALD SMALLEY,                )
                                    )   2:06-cv-2053-GEB-EFB
11             Plaintiff,           )
                                    )
12        v.                        )   ORDER REQUIRING PLAINTIFF
                                    )   TO FILE A SUPPLEMENTAL
13   ASTRAZENECA PHARMACEUTICALS LP;)   STATUS REPORT
     ASTRAZENECA LONG TERM DISABILITY)
14   INSURANCE PLAN; ASTRAZENECA    )
     ADMINISTRATION COMMITTEE; HIGH )
15   MARK LIFE INSURANCE COMPANY;   )
     BROADSPIRE INTEGRATED DISABILITY)
16   MANAGEMENT; BROADSPIRE SERVICES)
     INC.; BROADSPIRE ADMINISTRATOR )
17   SERVICES, INC.,                )
                                    )
18             Defendants.          )
                                    )
19
```

           The September 15, 2006, Order Setting Status (Pretrial Scheduling) Conference ("September 15 Order") scheduled a status conference in this case for December 18, 2006, and required the parties to file a joint status report ("JSR") no later than fourteen days prior to the scheduling conference.  The September 15 Order further required that a status report be filed regardless of whether a joint report could be procured. (September 15 Order at 2 n.1.)  On December 4, 2006, a JSR was filed in which "Plaintiff contends [that] all Defendants have been served . . . ."  (JSR at 2.)  However, only

1  Defendants "HM LIFE INSURANCE COMPANY, f/k/a HIGHMARK LIFE INSURANCE
2  COMPANY, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LONG TERM
3  DISABILITY INSURANCE PLAN, and BROADSPIRE SERVICES, INC." are
4  identified as participating in the JSR.  (Id.)  Thus, Defendants
5  Astrazeneca Administration Committee, Broadspire Integrated Disability
6  Management, and Broadspire Administrator Services, Inc. ("Non-
7  participating Defendants") have not participated in crafting the JSR,
8  yet Plaintiff fails to "explain[] why [he] was unable to obtain the
9  cooperation of the [Non-participating Defendants]."  (September 15
10 Order at 2 n.1.)

11         Plaintiff has also failed to provide sufficient information
12 about whether he will prosecute the Non-participating Defendants if
13 they fail to appear.  It should be evident that Plaintiff was required
14 to provide this information under Rule 16 of the Federal Rules of
15 Civil Procedure.  Plaintiff shall address these matters in a
16 supplemental status report due no later than noon on December 14,
17 2006.

18         Plaintiff is warned that he and his attorneys could receive
19 an order to show cause why sanctions should not be imposed for non-
20 compliance with a federal rule and/or the September 15 Order.

21         IT IS SO ORDERED.

22 Dated:  December 12, 2006

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge