IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SMALLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS LP;<br>ASTRAZENECA LONG TERM DISABILITY<br>INSURANCE PLAN; ASTRAZENECA<br>ADMINISTRATION COMMITTEE; HIGH<br>MARK LIFE INSURANCE COMPANY;<br>BROADSPIRE INTEGRATED DISABILITY<br>MANAGEMENT; BROADSPIRE SERVICES<br>INC.; BROADSPIRE ADMINISTRATOR<br>SERVICES, INC.,<br><br>        Defendants. | 2:06-cv-2053-GEB-EFB<br><br>STATUS (PRETRIAL<br>SCHEDULING) ORDER |

A status (pretrial scheduling) conference was held on December 18, 2006. Blane Smith appeared on behalf of Plaintiff; Frederic Esrailian appeared on behalf of Defendants High Mark Life Insurance Company, Astrazeneca Pharmaceuticals LP, Astrazeneca Long Term Disability Insurance Plan, Broadspire Services, Incorporated, and Broadspire Administrator Services, Incorporated ("Appearing Defendants"). Defendants Astrazeneca Administration Committee and Broadspire Integrated Disability Management did not appear. Plaintiff

shall file a status report no later than January 18, 2007, in which he explains the status of Plaintiff's action against these two Defendants.

Further, the Court makes the following Order.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### ADMINISTRATIVE RECORD/DISCOVERY

Appearing Defendants shall provide Plaintiff with a copy of the Administrative Record on or before January 3, 2007.

If, after reviewing the Administrative Record, Plaintiff opines he is entitled to discovery, he shall file a motion in which leave is sought to conduct specified discovery no later than January 10, 2007, to be noticed for hearing February 20, 2007.

### MOTION HEARING SCHEDULE

The last hearing date for motions shall be August 6, 2007, at 9:00 a.m.[1]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

nonmovant to demonstrate a genuine issue of material fact remains for trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)   The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)   The Court committed clear error or the initial decision was manifestly unjust; or

(3)   There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for October 15, 2007, at 11:00 a.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle

1  one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>
2  <u>v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).
3          The parties shall file a <u>JOINT</u> pretrial statement with the
4  Court not later than seven (7) days prior to the final pretrial
5  conference.[2]  The joint pretrial statement shall specify the issues
6  for trial.  The Court uses the parties' joint pretrial statement to
7  prepare its final pretrial order and could issue the final pretrial
8  order without holding the scheduled final pretrial conference.  <u>See</u>
9  <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
10 requirement that the court hold a pretrial conference.").  The final
11 pretrial order supersedes the pleadings and controls the facts and
12 issues which may be presented at trial.  Issues asserted in pleadings
13 which are not preserved for trial in the final pretrial order cannot
14 be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
15 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
16 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
17 <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
18 issue omitted from the pretrial order is waived, even if it appeared
19 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
20 (D.D.C. 1995) (refusing to modify the pretrial order to allow
21 assertion of a previously-pled statute of limitations defense);
22 <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
23 (indicating that "[a]ny factual contention, legal contention, any

---

[2] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1  claim for relief or defense in whole or in part, or affirmative matter
2  not set forth in [the pretrial statement] shall be deemed . . .
3  withdrawn, notwithstanding the contentions of any pleadings or other
4  papers previously filed [in the action]").
5      <u>If possible, at the time of filing the joint pretrial
6  statement counsel shall also email it in a format compatible with
7  WordPerfect to: geborders@caed.uscourts.gov</u>.
8                              TRIAL SETTING
9      A bench trial is set for December 18, 2007, commencing at
10 9:00 a.m.  If Plaintiff opines he is entitled to a jury trial,
11 Plaintiff shall file a motion on the issue that is noticed for hearing
12 no later than the last hearing date for motions.
13                             MISCELLANEOUS
14     The parties are reminded that pursuant to Federal Rule of
15 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
16 not be modified except by leave of Court upon a showing of good cause.
17 Counsel are cautioned that a mere stipulation by itself to change
18 dates does not constitute good cause**.
19     IT IS SO ORDERED.
20 Dated:  December 19, 2006
21
22                           _____
                              GARLAND E. BURRELL, JR.
23                            United States District Judge