IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SMALLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS LP;<br>ASTRAZENECA LONG TERM DISABILITY<br>INSURANCE PLAN; HIGH MARK LIFE<br>INSURANCE COMPANY; BROADSPIRE<br>SERVICES INC.; BROADSPIRE<br>ADMINISTRATOR SERVICES, INC.,<br><br>        Defendants. | 2:06-cv-2053-GEB-EFB<br><br><u>ORDER TO SHOW CAUSE</u><br><u>AND CONTINUING HEARING</u><br><u>ON PLAINTIFF'S MOTION</u><br><u>TO PERMIT DISCOVERY</u> |

        On January 10, 2007, Plaintiff filed a Motion for Order Permitting Discovery ("Motion").  Pursuant to a stipulation by the parties and order thereon filed February 28, 2007, the hearing on Plaintiff's motion was scheduled to commence at 9:00 a.m. on June 11, 2007.  Defendants failed to file an opposition or a statement of non-opposition to the Motion as required by the Local Rules.  E.D. Cal. L.R. 78-230(c).  Therefore, Defendants are Ordered to Show Cause ("OSC") no later than 4:00 p.m. on June 11, 2007, why sanctions should not be imposed for the failure to file an opposition or statement of non-opposition to the Motion as required by the Local Rules.  The

written response shall state whether Defendants or Defendants' counsel are at fault and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on June 25, 2007, at 10:00 a.m., just prior to the hearing on Plaintiff's Motion, which is also rescheduled to that date.  Defendants are to file an opposition or statement of non-opposition to the Motion no later than June 11, 2007.  If Defendants file an opposition to the Motion, Plaintiff may file a reply no later than June 18, 2007.

IT IS SO ORDERED.

Dated:  June 8, 2007

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).